FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 22 2012

CENTRAL DISTRICT OF CALIFORNIA
BY Shy          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHARLES EDWARD NANGLE,<br>  Plaintiff,<br>v.<br>ANGELA CASERES, et al.,<br>  Defendants. | Case No. EDCV 12-00801 JVS (AN)<br><br>ORDER TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF |

## I. Background

On May 18, 2012, plaintiff Charles Edward Nangle ("Nangle") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("§ 1983"). On June 1, 2012, Nangle filed his first amended complaint ("FAC") against defendants Angela Caseres and Joana Semingson, who are sued in their individual capacities. The FAC seeks damages against the defendants, as well as "permanent injunctions against the [d]efendants from performing certain acts in the future." (FAC at 17.)

The gravamen of the FAC's allegations establish Nangle is claiming, on or about May 19, 2010, the defendants violated his "Due Process rights under the Fifth, Sixth and Fourteenth Amendments" by calling the Temecula Police Department and reporting that they saw someone "masturbating in the window" of Nangle's home, and by making a

citizens arrest that caused Temecula Police Officers to come to Nangle's home, where they arrested him and subsequently had him arraigned on a misdemeanor charge of indecent exposure. (FAC, ¶¶ 2-7.) Nangle alleges he was not masturbating but had just showered and, as he explained to the arresting officers, he was only "manscaping"[1] himself in his master bedroom while "[s]tanding in front of a large mirror on [a] chest of drawers" that was not near the one window with the shade up. (*Id.*)

## II. Discussion

A plaintiff asserting a claim under § 1983 must allege facts that show: (1) a right secured by the Constitution or federal laws was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48-49, 108 S. Ct. 2250 (1988); *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002).

The allegations in Nangle's FAC fail to show that either or both of the defendants were acting under color of law. Rather, the allegations establish the two women were civilians who apparently passed by Nangle's home and saw somebody who they claim was masturbating near or in front of what was one of the windows in Nangle's bedroom. As a result of what the women saw or perceived, they complained to the police and made a citizen's arrest that resulted in Nangle's arrest by the police. However, in the Ninth Circuit, it is well-settled that "merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989). Further, in *Collins*, the Ninth Circuit also concluded that a private party who made a citizen's arrest did not act under color of state law within the meaning of § 1983. *Id.* at 1147-56.

Accordingly, Nangle is ordered to show cause why his FAC and this action should not be dismissed with prejudice for failing to state a plausible § 1983 claim for relief by filing a written response to this order to show cause no later than **July 5, 2012**. Nangle is

---

[1] Nangle's other allegations indicate "manscaping" refers to his act of "engag[ing] in routine personal grooming which included trimming bodily hair." (*Id.*, ¶ 2.)

Page 2

1 further notified and warned his FAC and this action will be dismissed with prejudice if he
2 fails to respond in the time and manner directed by this order to show cause. No further
3 notice will be given.

5 DATED: June 22, 2012

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE